**18**

Darrell P. LAFLAM, also known
as Darrell Charbonneau,
Appellant,

v.

UNITED STATES, Appellee.*

No. 07–0253–cr.

United States Court of Appeals,
Second Circuit.

May 5, 2008.

Mark A. Kaplan, Burlington, VT, for Appellant.

Tim Doherty, Assistant United States Attorney (Thomas D. Anderson, United States Attorney for Vermont, Gregory L. Waples, Assistant United States Attorney, on the brief) Burlington, VT, for Appellee.

Present: JOSEPH M. McLAUGHLIN, ROSEMARY S. POOLER, Circuit Judges, DENISE COTE,** District Judge.

## SUMMARY ORDER

Darrell LaFlam ("Appellant"), who stands convicted upon a jury trial of two counts of armed robbery and one count of witness intimidation, in violation of 18 U.S.C. §§ 2113(d) & 1512(b)(1), appeals from the part of the amended judgment of

conviction entered in the United States District Court for Vermont (Murtha, *J.*), on January 22, 2007, that sentenced him to one hundred and eighty months' imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Appellant first contends that his sentence was substantively unreasonable, because the judge did not place enough weight on his drug addiction, his personal upbringing, and his efforts at rehabilitation when evaluating whether the sentence was greater than necessary under 18 U.S.C. § 3553(a). The district judge retains broad discretion to determine how much weight to place on these factors, *see Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007), and there is nothing to support the contention that this broad discretion was abused.

Appellant next contends that the district court erred by finding him to be a career offender under U.S.S.G. § 4B1.1. Appellant argues that his state conviction for cultivation of marijuana was not a "controlled substance offense" as that term is defined in U.S.S.G. § 4B1.2(b). A controlled substance offense is defined by the Guidelines as "an offense under federal or state law ... that prohibits the *manufacture,* import, export, distribution, or dispensing of a controlled substance...." U.S.S.G. § 4B1.2(b) (emphasis added). The term "manufacture" is not further defined in the Guidelines, but a comparison to substantive federal criminal law confirms that "the manufacture ... of a controlled substance" encompasses cultivation of marijuana. Under federal criminal law prohibiting controlled substance offenses, "manufacture" is defined as "the *produc-*

---

* We direct the Clerk of the Court to amend the official caption as noted above to reflect the fact that the government withdrew its cross-appeal.

** The Honorable Denise Cote, United States District Judge for the Southern District of New York, sitting by designation.

*tion,* preparation, propagation, compounding, or processing of a drug or other substance," 21 U.S.C. § 802(15) (emphasis added), and "production" is defined as "the manufacture, planting, *cultivation,* growing, or harvesting of a controlled substance," *id.* § 802(22) (emphasis added). Federal convictions for cultivating marijuana plants are routinely upheld as convictions for manufacturing a controlled substance under these statutes. *See, e.g., United States v. Huels,* 31 F.3d 476 (7th Cir.1994). Thus, the crime of which Appellant was convicted would qualify as a controlled substance offense under federal law. In order to ensure that "the manufacture ... of a controlled substance" has a "uniform definition independent of the labels used by the various States' criminal codes," *Taylor v. United States,* 495 U.S. 575, 592, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), we conclude that his state conviction for cultivation of marijuana was a controlled substance offense within the meaning of the Guidelines. *See United States v. Brown,* 514 F.3d 256, 268–69 (2d Cir.2008) (using authorities interpreting federal statutory definition of "violent felony" to interpret Guidelines' definition of "crime of violence" because of the "substantial similarity" between the two terms).

Finally, Appellant contends that the two-level enhancement under U.S.S.G. § 3B1.4 was improper. In light of our holding that Appellant was properly deemed a career offender, this argument is moot. The statute of conviction for the bank robbery, 18 U.S.C. § 2113(d), has a statutory maximum of twenty-five years. Therefore, because Appellant is a career offender, his base offense level was, by rule, thirty-four. U.S.S.G. § 4B1.1(b).

The district court, after applying the two-level enhancement under U.S.S.G. § 3B1.4, adopted a base offense level of thirty-four. Thus, any putative error in applying the two-level enhancement was necessarily harmless.

We therefore affirm the judgment of the District Court.